**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-20946-CR-ALTONAGA/Goodman

**UNITED STATES OF AMERICA**,

    Plaintiff,
vs.

**BERNARDO QUINONEZ**, *et al.*,

    Defendants.
_____/

# ORDER

On March 2, 2020, Magistrate Judge Jonathan Goodman entered a Corrected Report and Recommendations and Post-Hearing Administrative Order [ECF No. 865], recommending: (1) Bernardo Quinonez's Motion to Suppress[1] [ECF No. 750] be denied in part and granted in small part; (2) Hector Salgado's Motion to Suppress be denied; (3) Victor Smith's Motion to Suppress be denied; and (4) Alain Terry's Motion to Suppress be granted. (*See generally* Report). The Corrected Report incorporates extensive factual findings and legal conclusions the Magistrate Judge dictated following a two-day evidentiary hearing. (*See* Minute Entries [ECF Nos. 815 & 849]; Paperless Minute Order [ECF No. 851]; Feb. 11, 2020 Tr. [ECF No. 860]; Feb. 27, 2020 Tr. [ECF No. 861]). Defendants Quinonez, Salgado, and Smith filed Objections (*see* Objs. [ECF Nos. 881, 883, 884 & 886]); and the Government filed Objections (*see* Objs. [ECF No. 885]). Thereafter, Terry filed a Response to Government's Objections [ECF No. 894], the Government filed separate Responses to Defendants' Objections (*see* [ECF Nos. 922, 923 & 924]), Quinonez filed a Reply to Response [ECF No. 929], and Smith filed a Reply to Response [ECF No. 930].

When a magistrate judge's "disposition" is properly objected to, district courts must review

---

[1] The Motion to Suppress was filed by all Defendants who are proceeding to trial.

the disposition *de novo*. FED. R. CIV. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added; citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the magistrate judge's report to which the petitioner objected).

Since Defendants Quinonez, Salgado, and Smith, and the Government filed timely objections (*see* Objs.), the Court has reviewed the record *de novo*. The record consists of the transcripts of the two-day evidentiary hearing, the exhibits admitted, and the parties' written submissions. The Court addresses each objector below, assuming the readers' familiarity with the Magistrate Judge's detailed findings.

*Bernardo Quinonez*

Quinonez objects to the Magistrate Judge's conclusions (1) the search of his cell phone and computer was authorized by a search warrant for Quinonez's apartment, and (2) statements taken from him after a June 21, 2018 arrest did not violate *Miranda v. Arizona*, 384 U.S. 436 (1966). (*See* Objs. [ECF No. 881] 1–2; Reply [ECF No. 929]). The parties agree the first issue regarding the search of the computer and cell phones is strictly a legal issue for which no evidence was received. (*See* Objs. 2 n.1).

As to the first issue, Quinonez maintains a warrant for the search of his apartment authorized the search only of the premises and seizure of items, such as computers and cell phones; but because no warrant authorized the search of the computer and cell phones, a search of those

items was warrantless and illegal. (*See id.* 5). These are the same arguments presented to the Magistrate Judge and rejected for reasons the undersigned is in full agreement with. Federal Rule of Criminal Procedure 41(e)(2)(B) authorizes a warrant to include seizure of "electronic storage media or the seizure or copying of electrically stored information," and "authorizes a later review of the media or information consistent with the warrant." *Id.* A warrant that authorizes the seizure of electronics implicitly authorizes a subsequent search of the electronics. *See, e.g.*, *United States v. Fifer*, 863 F.3d 759, 766 (7th Cir. 2017) (finding a warrant identifying an apartment as "the place 'to be searched'" and electronic devices as "'the items 'to be seized,'" necessarily included a "concomitant directive to search that device's digital contents"); *see also United States v. Beckett*, 369 F. App'x 52, 57 (11th Cir. 2010) (holding the government did not exceed the bounds of a search warrant — that authorized search of the defendant's home, seizure of his computer and hard drives — where the supporting affidavit described the objective of the search, explained the computer and its drives stored thousands of pages of potentially pertinent information, and described with particularity the items to be searched and the objectives of the search). *Riley v. California*, 573 U.S. 373 (2014), upon which Quinonez relies, is inapposite as it concerned the search of phones seized incident to arrest, not items seized pursuant to a search warrant authorized by a magistrate judge, as here. *See Fifer*, 863 F.3d at 766 ("Why, then, would the issuing judge order the police to seize an item — such as a computer . . . — only to have them reapply for an essentially identical warrant to search the item seized? (alteration added)).

As to Quinonez's second issue, Quinonez sought suppression of his statements given in response to an interrogation by police on the bases of violation of *Miranda* and involuntariness.

(*See* Objs. 8). The Magistrate Judge rejected Quinonez's contentions[2] the officers failed to inform him of his rights by making misleading statements, the circumstances of his detention rendered his subsequent waiver involuntary, and the officers failed to honor his invocation of his right to counsel. Magistrate Judge Goodman noted that several hours after his detention, Quinonez

> didn't appear . . . to be any worse for the wear. He looked like he was in pretty good shape. He looked like he was in pretty good spirits. He didn't ask for any food. Once the interview began, he did have some water beforehand. He didn't appear to be in distress. He didn't seem particularly troubled. He seemed to be about as comfortable as you can get when you are handcuffed to a wall in a law enforcement office. He didn't seem to be intimidated. Didn't appear to be threatened. He didn't appear to be nervous.

(Feb. 27 Tr. 155:9–18 (alteration added)). Having reviewed the record *de novo*, the Court finds no error in the Magistrate Judge's conclusions the Government proved by a preponderance of the evidence that the officers adequately informed Quinonez of his rights; Quinonez did not clearly and unambiguously invoke his right to counsel; and Quinonez knowingly and voluntarily waived his rights, acknowledging them in a signed *Miranda* form. (*See id.* 172:10–25 to 175:1–12).

*Hector Salgado*

Salgado objects to the Magistrate Judge's recommendation the Court reject: (1) his motion to suppress as unduly suggestive an out-of-court identification of him by co-Defendant Victor Smith's girlfriend, Juanita Francis (*see* Objs. [ECF No. 884]); and (2) his motion to suppress his statements, made to gang detectives, after he had previously invoked his right to remain silent (*see* Objs. [ECF No. 883]). The objections fail to persuade. The Magistrate Judge correctly followed the two-step analysis of *Williams v. Weldon*, 826 F.2d 1018, 1021 (11th Cir. 1987), to conclude the original identification procedure utilized was not unduly suggestive (Feb. 27 Tr. 175:13–25 to

---

[2] The Magistrate Judge recommended granting Quinonez's motion to suppress statements given in response to questioning by the officers before *Miranda* was given. The Government does not challenge this portion of the recommendations. (*See* Reply 3 n.2).

177:1–13) and recommend the motion to suppress Francis's identification of Salgado be denied. The Magistrate Judge also correctly recommends, based on the evidence presented, that Salgado's statements to gang detectives in the interview room at the Miami Police Department should not be suppressed because those detectives did not interrogate him or engage in the functional equivalent of interrogation. (*See id.* 177:14–25 to 181:1). Following a *de novo* review, the Court finds no error.

    *Victor Smith*

Smith objects to the Magistrate Judge's conclusion that, although this is a "very close issue" (Feb. 27 Tr. 181:9), on October 9, 2018, Smith was not in custody for *Miranda* purposes (*see id.* 181:14–15), and so his statements elicited during an interrogation should not be suppressed (*see* Objs. [ECF No. 886] 6–19). In reviewing the totality of the circumstances *de novo*, the undersigned agrees that, while a close case, Salgado was not in custody: he was not handcuffed while others at the scene were; no one ever told him he was under arrest or could not leave; the officers talking to him had their firearms holstered; Salgado was not placed in a police car; he was generally free to sit or stand where he wanted; and he joked around and laughed with the officers, whom he appeared to know. (*See* Feb. 27 Tr. 181:20–25 to 183:1–4). *See United States v. Luna-Encinas*, 603 F.3d 876, 880 (11th Cir. 2010); *United States v. Phillips*, 812 F.2d 1355, 1359 (11th Cir. 1987) ("[T]he ultimate inquiry, based on the circumstances of each case, is whether there is a restraint on the suspect's freedom of movement of the degree associated with a formal arrest." (alteration added; internal quotation marks and citations omitted)). A *reasonable* man in the defendant's position would not have understood his freedom of action to be curtailed to a degree associated with a formal arrest. *See United States v. Moya*, 74 F.3d 1117, 1119 (11th Cir. 1996) (citation omitted).

*The Government*

In his motion to suppress, Terry argued a gun seized following the City of Miami's August 1, 2018 unlawful stop of his car and his arrest should be suppressed. (*See* Mot. 27–30). Terry asserted detectives followed him because they believed him to be a suspect in another case, they did not have a warrant or possess information that would give them probable cause to arrest him, they did not observe him commit a crime, they stopped his car and arrested him in violation of the Fourth Amendment (*see id.* 29); and they did not see the firearm, but rather conducted an illegal search that revealed the presence of the firearm (*see id.* 28 n.11). At the conclusion of the evidentiary hearing held before Magistrate Judge Goodman, Terry conceded the stop of the car was lawful due to the car's expired tag (*see* Feb. 27 Tr. 100:4–17); but insisted the officer did not have probable cause to seize the firearm, as he did not see Terry in possession of the gun, located as it was under the passenger seat (*see id.* 101:12–22). The Government argued the incriminating nature of the firearm was immediately apparent (*see id.* 102:9–11); and exigent circumstances, created by the automobile exception to the search warrant requirement, allowed for seizure of the firearm (*see id.* 102:11–14).

Magistrate Judge Goodman found the officer who approached the car saw Terry hand something off to the passenger, and when he shone his flashlight inside the car, saw the gun protruding from under the passenger seat. (*See id.* 189:4–8). Magistrate Judge Goodman noted the Government had failed to offer any evidence supporting its position the officer knew Terry was on probation and the passenger told the officer the gun did not belong to her. (*See id.* 189:9–16). Consequently, the Magistrate Judge disagreed with the Government that the record established probable cause to seize the firearm, and noted, "unlike cocaine or child pornography," a gun "is not inherently contraband." (*Id.* 190:9–10). The Magistrate Judge correctly concluded

a traffic stop does not justify seizure of the gun, and the Government failed in its burden of showing probable cause. (*See id.* 191:1–13). Suppression of the firearm was recommended. (*See id.* 191:12–13).

In its Objections, the Government argues, for the first time, a reasonably prudent Florida police officer would believe Terry openly possessed a firearm in violation of section 790.053(1), Florida Statutes,[3] making the criminal character of the firearm immediately apparent and justifying its seizure. (*See* Objs. [ECF No. 885] 1). Upon observing a firearm loosely laid on the floor of the car operated by Terry — a known suspect in two recent shootings who made furtive movements as the officer approached the car, the Government insists a reasonably prudent law enforcement officer would have the requisite probable cause to believe the gun was contraband under Florida's open carry law, section 790.053(1). (*See id.* 9–10); *see also Wright v. Burkhead*, 6:07-cv-2039, 2009 WL 1393507, at *10 (M.D. Fla. May 18, 2009) (finding reasonably prudent police officer would believe the plaintiff-driver was in violation of section 790.053(1), entitling officer to qualified immunity where the plaintiff's firearm was on the car center console, easily viewable through the window from outside the car, readily accessible to the plaintiff-driver, and placed loosely in a holster but not otherwise secured). The Government, in apparent recognition the argument was never presented to Magistrate Judge Goodman, asserts that in making its *de novo* determination, the undersigned may consider any legal argument, even an argument not presented to the magistrate judge. (*See* Objs. 4–5 (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009))).

As noted by Terry, the Eleventh Circuit in *Williams* held a district court did not abuse its discretion in declining to consider an argument not presented first to the magistrate judge. (*See*

---

[3] Under section 790.053(1), Florida Statutes, "it is unlawful for any person to openly carry on or about his or her person any firearm or electric weapon or device." *Id.*

Resp. [ECF No. 894] 4). Yet, after canvassing the law from different circuits, the Eleventh Circuit affirmed the district court retains "the final adjudicative authority" and has the discretion to decide whether to consider any new arguments raised in objections to a magistrate judge's report. *Williams*, 557 F.3d at 1292. In response to the Government's Objections, Terry urges the Court not allow the Government to make a new argument not considered by Magistrate Judge Goodman (*see* Resp. 2–5), but also argues section 790.053, Florida Statutes, "is multi-tiered with multiple exceptions and references to lawful possession of firearms consistent with the Second Amendment" (*id.* 5). Terry states no evidence was presented regarding his physical proximity to the firearm and whether the firearm was loaded with ammunition, facts critical for finding the firearm was readily accessible for immediate use and crucial to a finding of a violation of Florida's firearms laws. (*See id.* 6–7).

While the Court agrees with Terry to allow the Government to present in its Objections an argument not considered by the Magistrate Judge "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court[,]" *Williams*, 557 F.3d at 1292 (alteration added; internal quotation marks and citation omitted), it nevertheless retains the discretion to consider the argument. And it has considered it. While Terry takes issue with certain facts as to which no evidence was presented — physical proximity and whether the weapon was loaded with ammunition — "[a] police officer is not required to consider and investigate possible affirmative defenses that a defendant may have to the suspected criminal activity." *United States v. Spann*, 649 F. App'x 714, 717 (11th Cir. 2016) (alteration added). For the reasons advanced by the Government in its Objections and not presented to or considered by Magistrate Judge Goodman in his thoughtful and comprehensive analysis, the portion of his recommendation that Terry's motion to suppress be granted is not approved.

The undersigned, after carefully reviewing the record *de novo* and the arguments set forth in the Objections and Responses, agrees with the analysis and recommendations stated in Judge Goodman's Corrected Report, save for the recommendation Terry's motion to suppress be granted. Accordingly, it is

**ORDERED AND ADJUDGED** that the Corrected Report and Recommendations and Post-Hearing Administrative Order **[ECF No. 865]** is **AFFIRMED** in part, and Defendants' Motion to Suppress **[ECF No. 750]** is **GRANTED** in small part and **DENIED** in part.

**DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record